**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Akaninyene William Etuk, | No. CV-13-2404-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Sheriff's Office, | |
| Defendant. | |

Plaintiff Akaninyene William Etuk has filed a complaint against the Maricopa County Sheriff's Office.  Doc. 1.  He has also filed a motion to proceed in forma pauperis.  Doc. 3.  The Court will dismiss Plaintiff's complaint and deny the motion for in forma pauperis status without prejudice.

I.     **Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2).  While much of section 1915 concerns prisoner litigation, section 1915(e) applies to all IFP proceedings.  *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) (en banc).  "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss . . . sua sponte . . . a complaint that fails to state a claim[.]"  *Id*. at 1130.  "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Id*. at 1127.  A district court dismissing under section 1915(e)(2)(B)(ii) "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured

1   by the allegation of other facts." *Id*. at 1127–29 (citations omitted).

2        Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that

3   states a claim for relief must contain . . . a short and plain statement of the claim showing

4   that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  This short and plain statement

5   "need not contain detailed factual allegations; rather, it must plead 'enough facts to state

6   a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534

7   F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

8   (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("The plausibility standard

9   . . . asks for more than a sheer possibility that a defendant has acted unlawfully").  Legal

10   conclusions couched as factual allegations are not given a presumption of truthfulness

11   and "conclusory allegations of law and unwarranted inferences are not sufficient."

12   *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  Dismissal is appropriate where the

13   complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a

14   cognizable legal theory, or contains allegations disclosing some absolute defense or bar

15   to recovery.  *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988);

16   *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

17   **II.**    **Analysis.**

18        Plaintiff's complaint asserts that the Maricopa County Sheriff's Office ("MCSO")

19   issued a warrant for his arrest for failure to pay child support.  Doc. 1 at 1-2.  Plaintiff

20   alleges that, upon his appearance in court, the judge acknowledged that Plaintiff was

21   making payments and ordered him placed on "work release." *Id*. at 2.  Instead of being

22   released, Plaintiff alleges that he was held in custody for two months and forced to work.

23   *Id*.  Plaintiff asserts that he attempted to file a grievance, but that an officer marked his

24   grievance form as resolved without his consent.  *Id*.

25        Plaintiff claims that the actions of the Sheriff's office violated numerous

26   constitutional provisions, including: (1) the Thirteenth Amendment's prohibition against

27   "involuntary servitude"; (2) due process under the Fifth Amendment for failure to indict

28   him of a crime before a grand jury; and (3) violations of the privileges and immunities

1    clause of the Fourteenth Amendment.  *Id*. at 2-3.

2         Plaintiff has failed to state a claim for violation of the Thirteenth Amendment.

3    The Thirteenth Amendment provides, in relevant part, that "[n]either slavery nor

4    involuntary servitude, except as punishment for crime whereof the party shall have been

5    duly convicted, shall exist within the United States, or any place subject to their

6    jurisdiction."  "By its terms [the Thirteenth] Amendment excludes involuntary servitude

7    imposed as legal punishment for a crime."  *United States v. Kozminski*. 487 U.S. 931 943

8    (1988).  Incarceration for failure to pay child support "fall[s] within [a] narrow class of

9    obligations that may be enforced by means of imprisonment without violating the

10   constitutional prohibition against slavery."  *United States v. Ballek*, 170 F.3d 871, 874

11   (9th Cir. 1999).  Further, contempt proceedings for voluntary failure to comply with court

12   orders constitute a proper exercise of state power.  *See Hicks v. Feiock*, 485 U.S. 624, 638

13   (1987).

14        The Thirteenth Amendment does not prohibit involuntary servitude as part of

15   proper imprisonment.  *See  Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963);  *Piatt v.*

16   *MacDougall*, 773 F.2d 1032, 1035 (9th Cir. 1985).  Under state law, a county sheriff may

17   "require prisoners who have been sentenced to imprisonment in the county jail to perform

18   such labor as he deems necessary, even if the prisoner was not sentenced to hard labor."

19   A.R.S. § 31-141(C).[1]

20        Plaintiff has also failed to state a claim based on the lack of a grand jury

21   indictment.  Plaintiff need not be indicted by a grand jury if his incarceration is the result

22   of contempt proceedings for his failure to comply with a court order to pay child support,

23   *Hicks*, 485 U.S. at 638.

24   _____

     [1] Further, "no prisoner given a work assignment or required to perform any labor
25   . . . shall be considered an employee or to be employed by the county or the sheriff,
     regardless whether the prisoner is compensated or not, nor shall an employee-employer
26   relationship exist between the prisoner and the county or sheriff for any purpose and none
     of the rights or privileges otherwise accorded to employees by law shall accrue to such
27   prisoners."  A.R.S. § 31-141(F).
28

1    Plaintiff has failed to state a violation of the privileges and immunities clause.

2  The purpose of that clause of the U.S. Constitution is to protect the interests of

3  nonresidents which are "'fundamental' to the promotion of interstate harmony." *Int'l*

4  *Org. of Masters, Mates & Pilots v. Andrews*, 831 F.2d 843, 845 (9th Cir. 1987) (citing

5  *United Bldg. and Constr. Trades Council v. City of Camden,* 465 U.S. 208, 218 (1984).

6  Plaintiff has made no claim that the Sheriff's actions have discriminated between

7  residents and nonresidents of the state such that his privileges and immunities have been

8  impermissibly burdened.

9    Plaintiff has also failed to state a claim because he has sued only the MCSO.  The

10  MCSO is a non-jural entity, without the power to sue and be sued, and therefore cannot

11  be sued as a defendant in this case.  *United States v. Maricopa Cnty., Ariz.*, 915 F. Supp.

12  2d 1073, 1077 (D. Ariz. 2012) (citing  *Braillard v. Maricopa Cnty.,* 224 Ariz. 481, 232

13  P.3d 1263, 1269 (Ariz. Ct. App. 2010)); *Wilson v. Maricopa Cnty.*, CV04-2873-PHX-

14  DGC, 2005 WL 3054051 (D. Ariz. Nov. 15, 2005).

15    In sum, while the complaint is difficult to understand and contains few facts, it

16  clearly fails to state a claim under the Fifth, Thirteenth, or Fourteenth Amendments and

17  against the MCSO.[2]  The Court will dismiss Plaintiff's complaint for failure to state a

18  claim.  The Court also notes that the complaint fails to adequately state the basis for this

19  Court's jurisdiction.

20  **III.    Leave to Amend and Plaintiff's Obligations.**

21    In this circuit, "[a] pro se litigant must be given leave to amend his or her

22  complaint unless it is absolutely clear that the deficiencies of the complaint could not be

23  cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.

24  1988).  The Court will dismiss the complaint without prejudice and allow Plaintiff to file

---

[2] Plaintiff's allegations are difficult to discern, but he also alludes to the Sheriff's office disobeying a court order and forcing him to take actions not in alignment with his Jewish faith.  Because the complaint fails to state the legal nature of a claim based on these assertions, and there must be "more than a sheer possibility that a defendant has acted unlawfully," the Court cannot entertain them as legal claims.  *Iqbal*, 556 U.S. at 677.

an amended complaint, consistent with this order, that properly states a claim for relief. Plaintiff shall have until **Friday, February 14, 2014** to file an amended complaint.

Additionally, Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office.  For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a).  These pleading requirements shall be set forth in separate and discrete paragraphs.  Rule 8(d) provides that each such paragraph "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible.  *Iqbal*, 556 U.S. at 677.  If Plaintiff chooses to file an amended complaint asserting constitutional violations by federal or state officials, his pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each defendant contributed to the violation, and what injury was caused by each alleged constitutional violation.  Such factual allegations must provide enough information to "allow[ ] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged."  *Id.*

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1.      Plaintiff's request for IFP status (Doc. 3) is **denied**.

2.      Plaintiff's complaint (Doc. 1) is **dismissed without prejudice**.

3.      Plaintiff shall have until **February 14, 2014**, to file an amended complaint.

4.      The Clerk of Court shall terminate this action without further Order of the Court if Plaintiff fails to file an amended complaint by **February 14, 2014**.

Dated this 31st day of January, 2014.

_____

David G. Campbell
United States District Judge